UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHYLIS MCGRUE, et al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**RODNEY BERNALDO, et al.,**<br><br>**Defendants** | CASE NO. 1:21-CV-1511 AWI SAB<br><br>**ORDER SUA SPONTE REMANDING MATTER DUE TO LACK OF JURISDICTION AND DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br><br>(Doc. Nos. 1, 2) |

Defendant Rodney Bernal removed this case from the Superior Court of Fresno County on October 13, 2021. See Court's Docket Doc. No. 1. The Complaint contains four state law causes of action relating to landlord tenant relationship. See id. Defendant asserts that the basis for removal is diversity jurisdiction.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016); Hunter, 582 F.3d at 1043. Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). A natural person's citizenship is determined by her "domicile," which is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's State of residence is not necessarily her State of citizenship. See id.; see also Scott v. Cricket Communs., LLC, 865 F.3d 189, 195 (4th Cir. 2017). Because domicile, not residence, determines citizenship, allegations of residence are insufficient to establish citizenship or diversity jurisdiction. See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839; Travaglio v. American Express Co., 735 F.3d 1266, 1268-69 (10th Cir. 2013); Kanter, 265 F.3d at 857-58. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero, 844 F.3d at 840 (quoting NewGen, LLC v. Safe Cit, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)); see Kanter, 265 F.3d at 857-58. If the "complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); see Matheson, 319 F.3d at 1090.

Here, the Complaint does not identify any amount of damages that are at issue, and Defendant's notice of removal does not address in any way what the amount in controversy may be. Additionally, the notice of removal states that the Plaintiffs are not residents of California.

1  However, there is no further elaboration about where Plaintiffs reside or how Defendant is aware
2  of the Plaintiffs' residence.  Defendant's representation also is contrary to express allegations in
3  the Complaint that state that Plaintiffs lived in Defendants' apartment complex from various
4  beginning dates to "the present."  This indicates that Plaintiffs are residents of California because
5  the apartment complex is in Fresno County.  More importantly, however, allegations of residents
6  do not suffice to demonstrate domicile.  See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839;
7  Travaglio, 735 F.3d at 1268-69; Kanter, 265 F.3d at 857-58.  Merely alleging that Plaintiffs are
8  not residents of California does not show citizenship.  In sum, the notice of removal does not
9  sufficiently identify either the amount in controversy or the citizenship of the Plaintiffs.

10       The notice of removal fails to adequately identify either the amount in controversy or
11  citizenship requirements for diversity jurisdiction.  The Court has grave doubts that diversity
12  jurisdiction exists, particularly with respect to the complete diversity requirement.  Because the
13  Court has significant doubts, and because Defendant's notice of removal fails to adequately
14  demonstrate diversity jurisdiction, the Court resolves all doubt against the existence of
15  jurisdiction.  See Geographic Expeditions, 599 F.3d at 1107.  Therefore, remand to the Fresno
16  County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic
17  Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.  Further, with the
18  remand of this matter, Defendant's pending in forma pauperis motion will be denied as moot.

19                                              **ORDER**

20       Accordingly, IT IS HEREBY ORDERED that:
21  1.   Per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is
22       REMANDED forthwith to the Superior Court of Fresno County; and
23  2.   Defendant's motion to proceed in forma pauperis (Doc. No. 2) is DENIED as moot.
24
25  IT IS SO ORDERED.

26  Dated:   October 18, 2021                      _____
                                                   SENIOR DISTRICT JUDGE
27
28